244 So.2d 832

**STATE of Louisiana**

v.

**Howard Gary GREENBAUM.**

No. 50616.

Feb. 24, 1971.

Jones, Blackwell, Chambliss, Hobbs & Henry, Murphy Blackwell, Jr., West Monroe, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Robert W. Kostelka, Dist. Atty., for plaintiff-appellee.

SUMMERS, Justice.

Appellant Howard Gary Greenbaum was charged by bill of information with possession of hallucinogenic drugs contrary to Sections 1033(4) and 1046 of Title 40 of the Revised Statutes. After trial by jury he was convicted and sentenced to serve two years in the parish jail. On this appeal Greenbaum relies on two bills of exceptions for reversal of his conviction.

Bill of Exceptions No. 1 was reserved to the overruling of appellant's motion to suppress the hallucinogenic drug (LSD) allegedly seized in connection with an illegal arrest made on March 4, 1969 without probable cause. Evidence taken at the hearing on the motion to suppress disclosed that Captain Jim Standard of the Monroe Police received information from a reliable informant that a shipment of LSD was coming through the mail to Greenbaum, then a student at Northeastern Louisiana State College. Therefore on Friday, March 1, 1969, Captain Standard visited the office of the Director of Security on the Northeastern Campus and informed William J. Marchbank, the Director of Security, that a package of LSD would come by mail to one of the two Greenbaums at the College.

Accordingly Marchbank assigned James Oliver Doris, a campus security officer, to a surveillance of Greenbaum's mailbox in the campus post office. Doris was instructed that if Greenbaum called for a letter, which the Post Office Inspector informed Marchbank had arrived addressed to Greenbaum, Doris was to ask Greenbaum to report to the Dean's office.

When Greenbaum called for his mail on March 4, 1969, Doris, who was standing nearby in the lobby of the post office, asked Greenbaum to "go with him." Greenbaum then accompanied Doris, who received information on his way to the Dean's office that the Dean was out for lunch and Doris was to proceed to the campus security office. At no time during this episode did Doris lay hands upon Greenbaum or exert any force or compulsion to compel obedience. Greenbaum retained possession of his mail and was never questioned or otherwise induced to give information. Upon arrival at the campus security office Marchbank, who was await-

ing their arrival, instructed Greenbaum to be seated. Greenbaum complied. Shortly thereafter the Narcotics Officer of the Monroe City Police arrived.

Appellant's argument on this appeal is that the campus security officer Doris arrested him in the lobby of the post office without a warrant and without probable cause, and the seizure of the LSD resulting from this arrest was therefore unconstitutional.

■ It is unnecessary to answer the contention that the arrest was illegal for there is no evidence whatsoever in this record that the LSD was ever seized by the law officers. It is, of course, true that the prosecution had possession of the LSD as evidence at the trial, but there is no showing of any kind that it was seized either in connection with Greenbaum's alleged arrest or otherwise. For all we know Greenbaum surrendered the drugs voluntarily and knowingly. But this speculation is irrelevant; the burden of establishing the grounds upon which the motion to suppress is based lies with the party who seeks to suppress the evidence. La. Code Crim.P. art. 703(C). And it is elementary that a seizure must be shown by the record before it may be declared constitutionally objectionable.

■ Bill of Exceptions No. 2 was reserved when defense counsel sought to elicit from Captain Standard the name of his informant. Standard, it will be recalled, was the officer who gave information to the college officials that the drug was to be sent to Greenbaum in the mail. When Standard refused to disclose his informant's name unless ordered to do so by the Court, he was instructed by the Court that he was not required to disclose the informant's name. Defense counsel objected to this ruling and reserved this Bill.

There is no merit to this Bill.

* * * In State v. Freeman, 245 La. 665, 160 So.2d 571, this Court rejected a similar contention and quoted from Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151, wherein it is declared, " * * * public policy forbids disclosure of an informer's identity unless essential to the defense * * *." No showing has been made in this case that the informer's identity was material and essential to appellant's defense. (State v. O'Brien, 255 La. 704, 232 So.2d 484 [1970]).

The conviction and sentence are affirmed.