307 So.2d 361 (1975)
STATE of Louisiana, Appellee,
v.
Huey FERGUSON, Jr., Appellant.
No. 55241.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
Taylor W. O'Hearn, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to sixteen years at hard labor. On his appeal his single assignment of error concerns the denial of his motion for a new trial.
The motion for the new trial alleged new and material evidence discovered since the trial. La.C.Cr.P. arts. 851(3), 854. The allegation is that a named witness would testify that "at approximately the time the robbery was committed" she saw the accused near Linwood Avenue, some two miles distant from the place of the crime.
The transcript shows that, some thirty minutes after the robbery, the police arrested at least two participants in the robbery (if we exclude the accused) at the accused's home, where some of the stolen money was found. It also shows that the accused's primary defense was the testimony of himself and his sister and father that he was at home at the time of the robbery. (The proffered testimony of the "newly discovered" alibi witness is inconsistent with this other alibi evidence actually introduced at the trial.)
Motions for new trial made on the basis of newly discovered evidence, which are received with extreme caution, should not be granted unless such evidence is so material that it might reasonably produce a different result than the verdict reached. State v. Jackson, 253 La. 205, 217 So.2d 372 (1968).
Under the circumstances, we find no abuse of the sound discretion entrusted *362 to the trial court in denying (or granting) a new trial, State v. Holloway, 274 So.2d 699 (La.1974), and thus no merit to the allegation of error.
The conviction and sentence are affirmed.
Affirmed.