334 So.2d 398 (1976)
STATE of Louisiana
v.
Lawrence J. RUSSELL.
No. 57536.
Supreme Court of Louisiana.
June 21, 1976.
*399 Kenny M. Charbonnet, Charbonnet & Charbonnet, New Orleans, for defendantappellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Lawrence Russell by bill of information with armed robbery in violation of LSA-R.S. 14:64. He was tried and convicted. The court sentenced him to imprisonment for fifteen years. He appeals his conviction and sentence, relying on seven assignments of error. However, defendant did not brief or argue Assignments of Error Nos. 3, 6, and 7. These three assignments of error are, therefore, considered abandoned. State v. Credeur, La., 328 So.2d 59 (1976); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
On April 21, 1975, two men brandishing pistols robbed the Dixie Building Materials. Dewey Keller, an owner who was in the shipping office at the time of the robbery, saw the two men enter, pull pistols, and force the employees and customers to lie on the floor. During the robbery, the two men lowered the handkerchiefs which they held over their faces several times. Keller and John Pitts saw the robbers' faces clearly.
After the robbery, Keller received an anonymous telephone call asking if he wanted information concerning the identity of the robbers. In another call, the unidentified informer stated where the perpetrators were located. Keller called the police and informed them of his call. The police, however, did not respond to the information.
On May 5, 1975, the same anonymous caller informed Keller that the two men who had robbed him were at a nearby grocery store. Keller relayed this information to the police. Shortly thereafter, Keller and Pitts left Dixie Building Materials in an automobile bound for the store to see whether the police had responded to the call.
*400 As they approached the store, Keller and Pitts saw two plainclothes detectives talking to two men outside of the store. Immediately, both witnesses recognized the two individuals as the robbers. Keller and Pitts returned to Dixie Building Materials and called the police headquarters to inform them that the detectives had the right two men. Police Headquarters radioed the two detectives of the positive identification, and Lawrence Russell and Carl Binion, the two men being questioned, were arrested.
On May 13, 1975, the police held a lineup. Keller and Pitts positively identified Russell and Binion as the men who had robbed them.

ASSIGNMENT OF ERROR NO. 1
Defendant assigns error to the denial of his motion to suppress his identification. He argues that his identification was tainted by the out-of-court viewing.
The State argues that the first viewing of the defendant by the two victims of the robbery was spontaneous and unsolicited.
We have reviewed the testimony and approve the findings of the trial judge as to the totality of the circumstances existing at the time of the in-the-field identification. The resolution of a due process challenge to pretrial identification procedures involves an evaluation of each confrontation in the light of the "totality of the circumstances" surrounding the confrontation. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). A denial of due process of law results if the identification procedures are "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, supra.
The State was in no way responsible for the witnesses' viewing of the defendants when they were arrested. Keller and Pitts decided to drive over to the grocery store to see what action if any was being taken by the police. The witnesses called headquarters to identify the men as the culprits.
In addition, even if we were to assume that the pre-trial identification was tainted, the in-court identifications were properly admitted. As we recently stated in State v. Moseley, La., 284 So.2d 749 (1973):
". . . [E]ven if the out-of-court identification was tainted, if the in-court identification had a source independent of the out-of-court identification, the in-court identification does not violate defendant's due process rights. State v. Newman, No. 53,422 on the docket of this Court handed down on September 24, 1973, 283 So.2d 756; State v. Amphy, 259 La. 161, 249 So.2d 560 (1971); State v. Richey, 258 La. 1094, 249 So.2d 143 (1971); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).
"We stated in State v. Newman, supra, that a determination of whether the witness' in-court identification was based upon an independent source involves these factors: (1) the prior acquaintance of the witness with the accused; (2) length of time the witness observed the perpetrator before, during and after commission of the offense; (3) the circumstances under which the observation was made. This would include illumination at the scene, the physical capacities of the witness and the emotional state the witness was in at the time of observation."
According to the testimony, the witnesses had ample opportunity to see the defendant. The robbery took place at approximately noon when ordinary vision was not impaired. The defendant was identified by the two witnesses as one of the two robbers.
*401 Thus, the trial court correctly denied the defendant's motion to suppress his identification.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, defendant complains that the trial court erred in denying his motion to disclose the identity of the informer who made the anonymous phone calls to Keller.
At the pretrial hearing on the motion to disclose informant, Keller testified that the informer (anonymous caller) telephoned him three times; that on one occasion, the caller explained that he knew who the robbers were because of a conversation he had overheard in a bar or restaurant in the neighborhood; that following the arrest of Russell and Binion, the informer had come to him and collected money; but that he did not know the name or identity of the informer.
Defendant contends that he was denied his right to confront the witnesses against him because Keller could not, or would not, reveal the name of the individual who had given him information leading to his arrest.
A confidential informant's identity will be revealed only under exceptional circumstances. See State v. Thorson, La., 302 So.2d 578 (1974). The general rule dealing with confidential informants is that the burden is upon the defendant to show exceptional circumstances justifying disclosure. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Greenbaum, 257 La. 917, 244 So.2d 832 (1971).
On the question of whether the circumstances warrant disclosure, much discretion is vested in the trial court. State v. Dotson, supra, and citations therein.
It should be noted that an anonymous caller dealing directly with the victim of a crime is not a "confidential informant" to the police. For that reason, the trial court should be even more cautious in ordering disclosure. However, at the hearing, Keller stated that he did not know the identity of the anonymous caller. Hence, there could be no disclosure of identity.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant filed a motion for a new trial alleging that: (1) the verdict is contrary to the law and the evidence; (2) the ends of justice would be served by granting the defendant a new trial; and (3) new evidence has been discovered entitling him to a new trial.
The trial judge denied the motion for a new trial, stating that the verdict was not contrary to the law and the evidence and that the new evidence was merely cumulative. Further, the trial judge ruled that the exercise of due diligence would have easily discovered this corroborating evidence for presentation during trial.
It is well established that the denial of a motion for a new trial on the grounds that the verdict is contrary to the law and the evidence presents nothing for this Court's appellate review. State v. Celestine, La., 320 So.2d 161 (1975).
Motions for new trial made on the basis of newly discovered evidence should be received with great caution and should not be granted unless such evidence is so material that it might reasonably produce a different result than the verdict reached. State v. Ferguson, La., 307 So.2d 361 (1975).
As the trial court judge states in his per curiam, the newly discovered evidence was merely cumulative, as defendant's alibi witness at the trial testified that *402 he had seen Russell at the vocational training school on April 21, 1975. Moreover, the exercise of due diligence would have easily discovered this corroborating evidence for presentation during trial.
It is well settled that the granting of a new trial on this ground is largely within the discretion of the trial judge, and that his ruling will not be disturbed on appeal in the absence of manifest error. State v. Ferguson, supra; State v. Cancler, 252 La. 380, 211 So.2d 298 (1968).

ASSIGNMENT OF ERROR NO. 4
In this assignment of error, defendant complains of the trial court's granting of the State's motion to sever. As this ruling followed the defendant's motion to sever, the defendant cannot now be heard to complain.
Assignment of Error No. 4 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.