342 So.2d 183 (1977)
STATE of Louisiana
v.
Tommy Ray ROBINSON.
No. 58525.
Supreme Court of Louisiana.
January 24, 1977.
*185 J. Michael Hart, Theus, Grisham, Davis & Leigh, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Brian E. Crawford, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Tommy Ray Robinson was charged by bill of information with possession of a controlled dangerous substance, to-wit: Heroin, in violation of La.R.S. 40:966. After trial by jury, he was found guilty as charged and sentenced to serve four years at hard labor. On appeal, defendant relies on six assignments *186 of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion filed on the day of trial for production of evidence favorable to defendant and more particularly for evidence of a post-arrest investigation demonstrating that portions of the tip supplied by the informant involved in this case were false. The minutes reflect and defendant concedes in brief that the state, in response to this request, informed the court that it had no evidence favorable to the defendant and specifically denied that any post-arrest investigation had, to its knowledge, been conducted. Subsequent testimony at trial confirmed the truth of the state's response.
It is well settled that the prosecution may not suppress evidence, in the face of a defense production request, where the evidence is favorable to the accused and is material to either guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). There is, however, no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of any or all police investigatory work on a case. United States v. Agurs, supra; Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). We have consistently held that the state is not required to open its files to the accused and allow him to search them and decide what is exculpatory. State v. Johnson, 324 So.2d 349 (La.1975); State v. Williams, 310 So.2d 528 (La.1975). Nor is defendant entitled to an in camera inspection by the court where, as here, the state denies possession of the specific information requested and defendant makes no showing to contradict the state's answer. Hence, the trial judge did not err in overruling defendant's motion for the production of favorable evidence.
Assignment of Error No. 1 lacks merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in overruling his motion to suppress certain physical evidence on the ground that it was obtained as a result of an unconstitutional search.
The record of the suppression hearing reveals that on January 31, 1976 at approximately 4:30 p.m. Detective Jerry Harper was contacted by a confidential informer who had previously supplied information which resulted in narcotics arrests and convictions. The informant advised Detective Harper that a black male named Tommy Ray Robinson (defendant) was distributing heroin and that he could then he found at the Friendship Bar. He further provided the detective with a description of defendant's clothing and told him that Robinson was driving a black Buick Electra. Detective Harper testified that, based on his working relationship with the informant, he understood the information supplied to be first-hand. The detective immediately proceeded to the area of the Friendship Bar and set up a surveillance of the location with the help of Officer Otwell, whom he had radioed for assistance. Detective Harper quickly located the black Buick Electra described by the informant and noted that it was the only vehicle of its kind parked in the area. Moments later, he observed four black males leave the Friendship Bar, enter the black Buick and proceed to drive eastward. This information was relayed by police radio to Officer Otwell who followed the Buick and stopped the vehicle approximately one block away from the bar. Within seconds, Detective Harper pulled up at the scene just as the Buick's occupants were beginning to exit at Officer Otwell's request. At this point only about twenty minutes had elapsed since receipt of the informant's tip. The officers then proceeded *187 to check the identification of defendant and his companions. Detective Harper verified the informant's tip as to defendant's identity noting that Robinson's clothing fit the description given by the informant and that he had, in fact, been the driver of the black Buick. While the officers were investigating one of the passengers, defendant, suddenly and without warning, moved his hand behind him and reached into his right rear pocket. When Detective Harper noticed this conduct, he immediately grabbed Robinson's arm; in his hand defendant was clutching a cigarette package containing two tin foil packets of a powdered substance which he suspected to be heroin. A plastic bag containing a similar substance, several capsules, and a used hypodermic syringe were discovered in defendant's rear pockets.
The fourth amendment to the federal constitution protects people against "unreasonable searches and seizures." Measured by this standard, La.Code Crim.P. art. 215.1, as well as federal and state jurisprudence, recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Perique & Merritt, 340 So.2d 1369 (La.1976); State v. Dixon, 337 So.2d 1165 (La.1976); State v. Cook, 332 So.2d 760 (La.1976); State v. Rogers, 324 So.2d 403 (La.1975); State v. Jefferson, 284 So.2d 882 (La.1973). We have held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from government interference. State v. Dixon, supra; State v. Cook, supra; State v. Weathers, 320 So.2d 892 (La.1975). In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), the United States Supreme Court stated:
In Terry this Court recognized that `a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest.' [citation omitted] The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response. [citation omitted] A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. [citations ommitted]
Moreover, it is recognized that an informant's tip can provide a police officer with reasonable cause to detain and question a suspect. Adams v. Williams, supra; State v. Perique & Merritt, supra; State v. Dixon, supra.
In contrast, we have held that probable cause exists for a law enforcement officer to arrest a person without a warrant when the facts and circumstances known to him and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Marks, 337 So.2d 1177 (La.1976); State v. Wood, 262 La. 259, 263 So.2d 28 (1972). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Sarrazin, 291 So.2d 393 (La.1974). Compliance with these standards is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. Warren, 283 So.2d 740 (La.1973). When a lawful arrest is made on *188 probable cause, a warrantless search incident thereto of the person and area in his immediate control is permissible as one of the well-defined exceptions to the rule that warrantless searches are per se unreasonable. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Marks, supra.
In the instant case, Detective Harper received from a reliable confidential informer the name of an individual distributing heroin, together with a description of his clothing, the vehicle he was driving and a location where he could then be found. Whether or not the officers may at that point have had probable cause to arrest the defendant, we are satisfied that the information given by the informant carried with it enough indicia of reliability to justify them in making an investigatory stop of the black Buick Electra. When, during the course of the investigation, defendant reached into his right rear pocket in what might have been an attempt to either destroy evidence or produce a weapon, Detective Harper grabbed defendant's arm and physically restrained him. We are satisfied that this action on Detective Harper's part was supported by sufficient probable cause to justify the defendant's arrest. Defendant was conducting himself in a highly suspect manner and every bit of information supplied by the informant had been verified except Robinson's actual possession of heroin. Although he was not at this point formally advised that he was under arrest, Detective Harper testified that the defendant was in detention and was not free to leave. It is the facts and circumstances indicating an intent to effect an extended restraint on the liberty of the accused rather than the precise timing of an officer's statement, "You are under arrest," that are determinative of when an arrest is made for purposes of constitutional justification. Peters v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); State v. Marks, supra; State v. Warren, supra. Accordingly, we find that the defendant was lawfully arrested when Detective Harper grabbed his arm and curtailed his freedom on the basis of probable cause to believe that he was engaged in criminal activity. Since the arrest was constitutionally valid, the evidence seized from defendant's pockets during the course of the search incident thereto was properly admissible at trial. The trial judge did not err in overruling defendant's motion to suppress the evidence.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion for a mistrial when Detective Harper, in response to a prosecution question, testified that a .32 caliber pistol had been found in the black Buick driven by defendant. Defendant argues that this information was irrelevant, prejudicial and constituted a reference to another crime as to which evidence was inadmissible. The trial judge overruled defendant's motion but admonished the jury to disregard Detective Harper's statement.
We note at the outset that the response objected to was not a reference to another crime inasmuch as the mere presence of a pistol in the automobile driven by the defendant does not necessarily constitute a criminal act defined by the laws of this state. No other evidence was adduced in reference to the pistol such as its location in the vehicle, etc.
This court has consistently maintained that a mistrial is a drastic remedy and, except in circumstances where a mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. State v. Redfud, 325 So.2d 595 (La.1976); State v. Whitley, 296 So.2d 820 (La.1974). Even assuming for the sake of argument the correctness of defendant's claim regarding the irrelevance of evidence concerning the pistol, La.Code Crim.P. art. 771 prescribes that the trial judge need grant a mistrial in circumstances such as these only when satisfied that an admonition is insufficient to assure defendant a fair trial.
We consider that an admonition in the instant case was adequate to cure any *189 possible prejudice caused by the brief factual response of Detective Harper particularly in view of the fact that testimony demonstrated that defendant did not own the car in which the pistol was found and no evidence was elicited to prove that he owned the firearm. Accordingly, we find no abuse of discretion in the trial judge's denial of defendant's motion for a mistrial.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in refusing to allow him to question Detective Harper concerning the identity of his confidential informer after defendant had testified that the informer, whom he believed to be James Brown, had given him the heroin to hold. He argues that he needed this information in order to complete his defense of entrapment.
The informer privilege is the privilege of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. It is founded upon public policy and seeks to advance the public interest in effective law enforcement. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). This court has consistently held that a confidential informant's identity will be revealed only under exceptional circumstances. State v. Russell, 334 So.2d 398 (La.1976); State v. Thorson, 302 So.2d 578 (La.1974). The general rule is that the burden is upon the defendant to demonstrate exceptional circumstances and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. State v. Russell, supra; State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972); State v. Greenbaum, 257 La. 917, 244 So.2d 832 (1971).
In State v. Dotson, supra, we faced the same issue presented for our review herein. In that case, as in the instant one, defendant claimed that the government informer had "set him up" and provided the illegal drugs found in his possession on arrest. The state presented no evidence that the informer participated in the crime. Rather, the informer did no more than furnish a tip that enabled the police to make an arrest. While working with the police, he took no part in the illegal transaction itself. We distinguished Roviaro where the prosecution's evidence covered the transaction with the informer. The trial judge stated in his per curiam "[t]here must be some act shown, something more than speculation concerning frame or plant, before an informant's identity should be revealed. Since there was no such showing in this case, the defendant is not entitled to this information." We found that the trial judge was fully justified in concluding that the showing was insufficient to require disclosure of the informant's identity.
In the instant case, defendant presented the trial judge with no more than a bare allegation that the police informer had given him heroin and set him up for an arrest. No claim is made that the state's case shows that the informer participated in the crime. Defendant already knew the name of the person he suspected to be the informant, James Brown. As a matter of fact, Brown had previously testified at the suppression hearing and at the preliminary examination. Brown was available for testimony concerning how defendant came to possess the heroin and for examination concerning the claimed "set up." Even had Brown denied defendant's allegations, the trial judge would have been presented the opportunity to assess his credibility. As demonstrated in his per curiam, the trial judge may then have felt that disclosure of the informant's identity was warranted. Yet, when Brown failed to appear at trial in response to a defense subpoena, no request was made for a continuance in order to secure his presence. Moreover, Detective Harper, who testified that he had spoken to his informant shortly after defendant's arrest, denied any knowledge that defendant had been "set up."
We are satisfied that, based on the evidence presented, the trial judge was fully *190 justified in finding that the showing was inadequate to require the state to confirm whether or not James Brown was the informant in the case. As we stated in Dotson:
. . . If a bare suggestion that the informer framed the defendant could effect a disclosure of the informer's name, then the enforcement of our narcotics laws would be jeopardized. Effective law enforcement requires that the confidentiality of the names of crime-informers be safeguarded. In supplying information to a defendant in a criminal proceeding, this Court cannot sacrifice fairness to the public. Neither can it ignore the public's interest in effective law enforcement.
We conclude that Assignment of Error No. 5 lacks merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in limiting on two occasions his cross-examination of Detective Harper concerning the reliability of the confidential informer involved in this case.
On the first occasion, defendant admitted outside the presence of the jury that he was attempting to show that the officer knew of a case in which information supplied by the same informant had been incorrect, thereby impeaching his previous testimony that the informant was reliable.
La.R.S. 15:494 provides that it is not competent to impeach a witness as to collateral facts or irrelevant matter. La.R.S. 15:275 further provides that in the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross.
In sustaining the state objection to defendant's questions concerning this matter, the trial judge correctly pointed out that Detective Harper's assessment of the reliability of the confidential informer was relevant only to the question of whether or not he had sufficient cause to stop and subsequently arrest the defendant. This question had already been ruled on at defendant's pretrial suppression hearing and was no longer at issue at trial on the merits. State v. Dabon, 337 So.2d 502 (La.1976). Hence, defendant was attempting to impeach Detective Harper as to a matter which at that stage of the proceedings was irrelevant. We find no abuse of discretion in the trial judge's ruling on this question.
On the second occasion defendant complains of, he was attempting to discover whether the police had conducted a post-arrest follow-up investigation. The state objected on the ground of relevancy, whereupon the jury was again excused. Defense counsel argued that, if an investigation demonstrated that the report of the informant concerning Distribution of heroin was false, it would indirectly support his theory that the informer had been lying about the entire transaction and had set the defendant up. The trial judge reiterated his former ruling that the reliability of the informant and the accuracy of the information supplied was not relevant to any issue presented at trial on the merits. The judge did, however, instruct the defendant that he might question the witness about subsequent investigations which might have revealed that the defendant had been set up. This was precisely the information defendant claimed he was seeking to obtain. Hence, defendant was not prevented from effectively cross-examining Detective Harper on this point. We find no error in the ruling of the trial judge.
Assignment of Error No. 6 lacks merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs.
DIXON and DENNIS, JJ., concur with reasons.
DENNIS, Justice, concurring.
The minutes do not, as the majority opinion suggests, reflect that the State's response to defendant's motion for production *191 of the results of an alleged post-arrest investigation revealing that the informant's tip was false contained a specific denial that such a post-arrest investigation had been conducted. All that the minutes reflect is that the State generally asserted that it had "no evidence favorable to the defendant."
Assuming that the State's sole response to defendant's request for specific exculpatory data was a general denial that it possessed exculpatory material, I would remand the matter to the trial court for a determination of whether such exculpatory evidence existed and whether a substantial basis existed for claiming that it was material evidence, and if so, whether the information, evaluated in the context of the entire record, could have created a reasonable doubt as to the defendant's guilt. See State v. May, 339 So.2d 764 (La.1976). See also, United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
However, in the present case, counsel for the defendant, as the majority observes, conceded in brief that the State, in responding to defendant's request for discovery of the results of the alleged post-arrest investigation, specifically denied that such an investigation had been made. Given this fact, I am willing to concur in the majority's disposition of the case, finding State v. May, supra, factually distinguishable.
For the foregoing reasons I respectfully concur.
DIXON, Justice (concurring).
There was, in this case, probable cause to arrest defendant, and the arrest (stopping defendant's car, getting him out, demanding identification, etc.) met constitutional standards. Other discussion of the arrest is irrelevant.
NOTES
[1] Assignment of Error No. 4 has been neither briefed nor argued to this court. Hence, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).