MARCUS, Justice
(dissenting).
This court has consistently held that a confidential informant’s identity will be di *162 vulged only under exceptional circumstances. State v. Babbitt, 363 So.2d 690 (La. 1978); State v. Robinson, 342 So.2d 183 (La.1977); State v. Russell, 334 So.2d 398 (La.1976). The general rule is that the burden is upon the defendant to demonstrate exceptional circumstances and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. State v. Babbitt, supra; State v. Robinson, supra; State v. Dotson, 260 La. 471, 266 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). There is no rule that a mere allegation of a “frame” is sufficient of itself to require disclosure of the information sought. State v. Dotson, supra.
In the instant case, the majority determines that the uncorroborated testimony of defendant’s wife constituted a “substantial basis” for the claimed materiality of the information sought: viz., whether Wayne Aucoin was a police informant. I cannot say that this mere allegation of a “frame” is sufficient of itself to require such disclosure and, hence, would conclude that the trial judge did not abuse his much discretion in denying defendant’s motion herein. Moreover, as it is conceded that defendant knows Aucoin’s identity, it is clear that disclosure of the information sought is not necessary in order for defendant to maintain the defense that the drug was planted by Aucoin, because defendant may subpoena Aucoin to testify at trial concerning this transaction. I would not, as the majority does, predetermine that Aucoin’s trial testimony would be perjured. In any event, Aucoin’s credibility is properly a question for the trier of fact. Accordingly, I respectfully dissent.