MARVIN, Judge.
Defendant appeals his conviction by jury of attempted felony theft and raises four assignments of error. He was charged with stealing Volkswagen used parts and was sentenced to one year imprisonment without hard labor. We affirm.
ASSIGNMENT NO. 1
The original bill of information charged defendant with the theft of “a Volkswagen and used parts”. Over defendant’s objection and motion for mistrial and after the jury was empaneled, the state was allowed to amend the charge to delete the “a” and the “and”. CCrP 487. This was not error. The amendment clarified the charge and made more specific the things which were the subject of the alleged theft. The bill was not substantively defective and was not substantively amended. In these circumstances, it was not necessary that a mistrial be granted. State v. McMorris, 343 So.2d 1011 (La.1977); State v. Bradford, 298 So.2d 781 (La.1974).
During the nighttime of November 18, 1981, an employee of Bank’s Small Car Re *369 pair m Shreveport notified the police that he had seen a truck drive into the front of the repair shop and a man begin loading the used auto parts which were stacked and laying on a concrete type porch and under the canopy projecting from the front of the shop building toward the street. The police arrived and defendant explained that he thought the parts were abandoned and did not “belong” to anyone since they had been left outside the building. Photographs depict the scene and show that barrels are nearby which contain the trash and thrown away parts from the business. Defendant was booked at 9:09 p.m. in the Shreveport police station, which is in the block in front of the repair shop. The jury could have deduced that defendant was selective in the parts he had loaded into his truck because he had not loaded the less valuable and some smaller parts. The owners testified that defendant did not have their permission to take the parts.
Through other witnesses, defendant established that he had sold scrap and used auto parts to junk dealers in Shreveport on several occasions prior to his arrest. Defendant’s truck was not identified, however, with any business.
Evidence of intent, of course, is always derived from the circumstances. Cr.C. Art. 10. Evidence of the taking was direct in this instance and was not circumstantial because an employee of the business saw and reported the taking. Assignment 4 relates to the sufficiency of the evidence.
ASSIGNMENT NO. 4
Prom the photographs and the testimony, the jury could have found every essential element of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Young, 426 So.2d 370 (La.App. 2d Cir.1983). Defendant did not seek permission of the owners of the business to take the parts. He went to the business in the nighttime after it was closed. He had not “done business” with these owners before and was not taking items from the trash area but from the front of the building that was somewhat protected from the elements by the overhanging canopy and the raised concrete porch. Notwithstanding that defendant established that he sold scrap to junk dealers, these circumstances could have indicated to the jury that the defendant actively desired to permanently deprive the owners of the used auto parts he loaded into his truck. This is the specific intent required by the law. Cr.C. Arts. 10, 27, 67.
ASSIGNMENTS NOS. 2 and 3
These assignments relate to remarks made by the trial prosecutor in his opening statement and in his closing argument. During the opening statement, the trial prosecutor commented that “some testimony, possibly from the defense that there was_” Immediately the defense objected and the objection was sustained. The defendant moved for a mistrial, reasoning that the prosecutor had misled the jury into believing that the defense must present evidence in its behalf. The motion was properly denied.
These few words cannot be viewed as being prejudicial to the defendant as a denial of a fair trial. In State v. Robinson, 342 So.2d 183 (La.1977), the court maintained that “a mistrial is a drastic remedy and, except in circumstances where a mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial.” 342 So.2d at p. 188.
No implication that the defense is required to present evidence or that the burden of proof was on the defendant can be deduced from such an unfinished statement. It is always possible that the defense will present evidence in a criminal trial. C.Cr.P. 765.
In closing argument, the trial prosecutor mentioned the testimony of friends and relatives of the defendant to the effect that defendant left home that night for the purpose of gathering some scrap for the purpose of selling it in his business. The *370 prosecutor then mentioned the testimony of the scrap dealers who testified that they had bought scrap from defendant in the past. After referring to one scrap dealer, the prosecutor said, “for all he knows he could have been stealing scrap ...” Defendant immediately objected and the trial court admonished the jury to the effect that this remark should not be construed by them as a reference to other misconduct on the part of defendant. Defendant complains that his motion for mistrial should have been granted. C.Cr.P. 770.
The remark, however injudicious of the prosecutor, when considered in the context in which it was made, does not directly or indirectly refer to another crime committed by the defendant. The remark effectively cautions the jury that the scrap dealers’ testimony should be limited as establishing that any scrap which they had bought or would buy from defendant was of unknown origin and for all they know the scrap could have been stolen. Know is present tense and could include knowledge of the scrap defendant loaded on his truck that night for the purpose of selling it to scrap dealers. The thrust of the defense was that the defendant, as a gatherer and seller of scrap, had no intent to commit theft. Under these circumstances, a mistrial was properly denied when the trial court admonished the jury not to misconstrue the remark of the prosecutor. See State v. Jones, 395 So.2d 751 (La.1981); State v. Alexander, 351 So.2d 505 (La.1977).
Defendant’s conviction is AFFIRMED.