463 So.2d 804 (1985)
STATE of Louisiana, Appellee,
v.
Vicky Jolene HUMPHRIES, Appellant.
No. 16593-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
*805 Patrick L. Durusau, Jena, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Michael Fontenot, Asst. Dist. Atty., Monroe, for appellee.
Before JASPER E. JONES, SEXTON, and NORRIS, JJ.
JASPER E. JONES, Judge.
The defendant, Vicky Jolene Humphries, was charged by bill of information with two counts of distribution of cocaine in violation of LSA-R.S. 40:967. She was found guilty of the charges by a jury and was sentenced to five years at hard labor on each count with the sentences to run concurrently. Defendant appeals her convictions and sentences relying on three assignments of error. We affirm.

FACTS
On November 12, 1982 at approximately 9:00 p.m. an agent for the Metro Narcotics Unit went to the Tango Lounge in West Monroe for the purpose of purchasing drugs. The lounge was crowded and noisy. The agent met a confidential informant in the lounge who introduced him to defendant, who was a bartender at the lounge. The agent engaged the defendant in a conversation across the bar and asked her about purchasing some cocaine. Defendant told the agent she could get him some cocaine but he would have to wait until she had a break from her duties as bartender. The informant was seated on a bar stool next to the agent during his discussion with defendant.
Within a few minutes defendant left the bar and went outside with a male customer. When she returned she went to the restrooms which are in an enclosed area at the rear of the lounge. The agent followed and met defendant in the restroom area and she sold the agent one gram of cocaine for $100.00. The informant remained seated at the bar while the agent made the purchase.
On November 16, 1982 the agent returned to the Tango Lounge to attempt to purchase some more cocaine from defendant. She told him she did not have any at the time but said she could arrange to have some the following night.
On the night of November 17, 1982, the agent returned to the lounge. Defendant told him she would get him some cocaine when she took her break. When defendant went on break she again went outside the lounge with the same male with whom she had left the lounge just before selling the agent the cocaine on the night of November 12. The agent waited about ten minutes and when defendant did not come back in, he went outside with a female from whom he was attempting to purchase marijuana. Once outside the agent saw defendant and the male getting out of a car. The *806 male returned into the lounge and defendant walked up to the agent and sold him ½ gram of cocaine for $50.00. At trial the agent did not remember whether the female from whom he was attempting to purchase the marijuana was present when he purchased the cocaine. The evidence reveals that the informant may have been in the bar when the agent entered but he did not accompany the agent outside or witness the purchase.
Subsequent to her arrest defendant filed a motion for disclosure of the confidential informant. A hearing was held on the motion and it was denied.

Assignment No. 1
By this assignment defendant contends the trial court erred in denying her motion to disclose the identity of the confidential informant.
As a general rule, the state is permitted to withhold the identity of an informer from the accused. This is a privilege founded on public policy which seeks to advance public interest in effective law enforcement by encouraging persons to supply information to the police without fear of reprisal by the person to whom the information pertains. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. James, 396 So.2d 1281 (La.1981).
The Louisiana Supreme Court has consistently held that a confidential informer's identity will only be divulged to the defendant under exceptional circumstances pertaining to his defense. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Robinson, 342 So.2d 183 (La.1977); State v. Oliver, 430 So.2d 650 (La.1983). The general rule is that the burden is on the defendant to demonstrate exceptional circumstances and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. State v. Russell, 334 So.2d 398 (La.1976); State v. Babbitt, 363 So.2d 690 (La.1978). The disclosure of the identity of the informer is only required when the evidence shows that the informant, in cooperation with the police, participated in the crime. State v. Dotson, supra; State v. Babbitt, supra; State v. Oliver, supra. See also State v. Fischbein, 406 So.2d 590, (La. 1981).
The evidence reveals that the informant did not participate in the crimes. Defendant, nevertheless, argues disclosure should have been ordered because the informant witnessed the events leading to the transactions and possibly overheard her and the agent discuss the November 12 purchase. It is, therefore, conceivable that the informant would have testified against the state's interest. This precise argument was rejected in State v. Davis, 411 So.2d 434 (La.1982). We note that the circumstances in Davis present a stronger case for disclosure than those in the instant case. There the informant was in the immediate company of the agent when the purchases were made. Here the informant was not even in a position to witness the purchases.
Defendant urges this court to abandon the exceptional circumstances analysis used by the supreme court and decide that the failure to disclose violates her rights to confrontation and compulsory process. She argues the failure to disclose violates her right to confront the witnesses against her because she could not effectively crossexamine the agent without access to the informant. This argument has been expressly rejected by the United States and Louisiana Supreme Courts. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); State v. Babbitt, supra. Defendant concedes that the Louisiana Supreme Court has never used a compulsory process analysis to order disclosure and she cites no federal case which would here require disclosure of the informant based upon her right to compulsory process.
This assignment of error lacks merit.

Assignment No. 2
By this assignment defendant contends there is insufficient evidence to establish that she was the one who sold to the agent the cocaine introduced at trial. *807 The only direct evidence that defendant sold the cocaine is the agent's testimony. Defendant took the stand and denied having sold any cocaine to the agent. She argues that the agent's contradicted testimony is insufficient to establish she made the sales because the state failed to call two witnesses allegedly under its control who could have testified to some of the events leading to the sales. Therefore, she is entitled to a presumption that the testimony of these witnesses would have been contrary to the state's interest. See LSA-R.S. 15:432.[1]
The two witnesses to whom defendant refers are the male that she met on November 12 and 17 immediately before selling cocaine to the agent and the female that accompanied the agent outside the Tango Lounge just before he made the purchase on November 17. The record establishes that the male did not witness either transaction and only raises the possibility that the female witnessed the November 17 transaction. Even if the state's failure to call these witnesses would have entitled defendant to the presumption, she is not entitled to its recognition on appeal because there is no indication in the record, as designated for appeal, that she attempted to get the presumption before the jury. If she could have established the state's control of the witnesses she could have submitted the presumption to the jury by requesting a special instruction.[2] See LSA-C.Cr.P. art. 807; State v. Arnaud, 412 So.2d 1013 (La.1982); State v. Joseph, 407 So.2d 712 (La.1981). Defendant apparently did not request such a charge. An omission in the jury charges which the trial judge was not requested to supply provides no grounds for complaint on appeal. State v. Brown, 242 La. 384, 136 So.2d 394 (1962).
The standard of appellate review of the sufficiency of the evidence is to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 420 So.2d 663 (La.1982); State v. Johnson, 457 So.2d 732 (La.App. 2d Cir. 1984). The agent's testimony, which the jury obviously found to be more credible than defendant's, was sufficient to establish that it was defendant who sold him the cocaine and satisfies the Jackson v. Virginia standard.
This assignment of error lacks merit.

Assignment No. 3
By this assignment defendant, a first offender, contends the sentences imposed are excessive.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Square, 433 So.2d 104 (La. 1983).
A conviction for distribution of cocaine requires a mandatory five year minimum sentence. LSA-R.S. 40:967B(1). Since defendant received the mandatory minimum sentences, we will treat her assignment of *808 error as questioning whether the trial court erred in not suspending her sentence and placing her on probation.
Included in the wide discretion afforded the trial judge in sentencing is the option of suspending sentence for a first felony conviction and placing the offender on probation. LSA-C.Cr.P. art. 893. A list of three factors the trial judge should consider in deciding whether to suspend a sentence or order imprisonment is contained in LSA-C.Cr.P. art. 894.1A which provides:
Art. 894.1. Sentence guidelines; generally
A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
The trial court's decision not to suspend defendant's sentences is based on a finding that all three factors are present. Defendant argues the record does not support a finding there is an undue risk she will commit another crime if given suspended sentences. She points out that the presentence investigation report compiled at the direction of the trial judge reveals that she has no prior criminal record, is gainfully employed and is not considered by law enforcement officials to be involved in extensive drug dealings.
Although there is some merit to defendant's argument, we are unable to say that the trial court's determination on the "undue risk" factor was a manifest abuse of discretion. The judge was influenced by the fact that defendant was charged with two violations of the offense which occurred within a short period of time and by defendant's apparent willingness to participate in the crime. It is also implicit in the trial judge's reasons for sentence that his finding is based in part on the need to deter defendant and others from distributing cocaine. Deterence is a legitimate sentencing objective. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983).
The legislature clearly considers the distribution of cocaine to be a serious offense as is evidenced by the fact that conviction requires a five year minimum sentence and a thirty year maximum sentence. The trial court's determination that suspended sentences would deprecate the seriousness of the offense is supported by law and the record. We find no manifest abuse of discretion in the trial court's decision not to suspend the sentences.
This assignment of error lacks merit.
Defendant's convictions and sentences are AFFIRMED.
NOTES
[1] LSA-R.S. 15:432. Effect of legal presumptions; rebutting evidence; illustrations

A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence; such is the presumption attaching to the regularity of judicial proceedings; that the grand jury was legally constituted; that public officers have done their duty; that a relation or subject-matter once established, continues, but not that it pre-existed; that the defendant intended the natural and probable consequence of his act; that the defendant is innocent; that the defendant is sane and responsible for his actions; that the person in the unexplained possession of property recently stolen is the thief; that evidence under the control of a party and not produced by him was not produced because it would not have aided him; that the witnesses have told the truth. (emphasis added)
[2] The record does not establish the state had control of these two witnesses.