CALOGERO, Justice.
This defendant’s writ application requires us to determine if the state should be ordered to disclose, prior to trial, whether a person known to the defense and suspected of having “planted” narcotics in defendant’s refrigerator was the confidential informant whose communications prompted the application for and issuance of the search warrant for defendant’s home, and whether, to the state’s knowledge, that identified person brought to the defendant’s home the narcotics later seized. We granted the writ to consider whether the basic requirements of a fair trial and due process of law, and the Brady-Agurs[1] specific requirement that the state divulge exculpatory evidence require responses to defendant’s queries and whether requiring these responses would impermissibly undermine the state’s informer privilege.[2]
On May 17, 1978, the Jefferson Parish District Attorney’s Office filed a bill of information charging George 0. Armoneit, III with possession of phencyclidine, a violation of R.S. 40:967. Defendant filed a motion seeking to have the state disclose the name and address of the alleged confidential informant whose information led to issuance and execution of a search warrant and defendant’s consequent arrest. The defense motion was denied after a hearing at which the defense presented a single witness, defendant’s wife. The state neither presented evidence nor argued the merits of the motion. Defense sought this Court’s review of the trial court’s ruling and we granted writs on January 12,1979. State v. Armoneit, 366 So.2d 558.
The affidavit contained in the application for the warrant to search defendant’s residence sets forth that the affiant-officer was contacted on Monday, April 24, 1978 by a confidential informant who related his personal knowledge and observation of marijuana and phencyclidine in the Armoneit home during the preceding weekend. The affidavit sets forth that the confidential informant related witnessing a sale of one gram of the phencyclidine while present at Armoneit’s home and represented, during subsequent contact with the officer-affiant on the following day, April 25,1978, that he had received a telephone invitation from Armoneit to refer to him buyers interested in the remaining phencyclidine. Subsequent to this telephone contact the affiant-officer secured the search warrant, which was executed that same day, April 25, 1978. *160 Defendant protests that the confidential informant in this case is no mere tipster in whose behalf the state should be permitted to assert the informant privilege. The motion to compel disclosure of the informant’s ñamé and address sets forth the defense belief that the confidential informant whose information led to the search of defendant’s residence and his arrest “. is the same person who brought the contraband matter into mover’s residence. . .” It contends that the information sought is necessary to enable Armoneit to defend himself properly and produce evidence of entrapment.
Defendant’s contention that minimally the state should be required to respond to his two queries is prompted by the testimony of his wife at the hearing on the motion seeking disclosure. Mrs. Armoneit testified that on April 24, 1978, during the early evening hours, Wayne Aucoin, a lifelong acquaintance of her husband, came to her home and placed in her refrigerator a Tupperware bowl about which he stated “. . . • when George [defendant Armo-neit] gets home ask him what he thinks about it.” Mrs. Armoneit recounted that she forgot to give her husband the message and gave no further thought to the bowl placed in her refrigerator by Aucoin until the next day, after the police executed the search warrant. She testified that while she did not actually see the officers find the phencyclidine, the officers who recovered it said that it was found in the refrigerator. Mrs. Armoneit stated that the drugs she saw in the officer’s hand were in small, triangul-r-shaped plastic bags, that she did not see the bowl which Aucoin had placed in the refrigerator in the officer’s hands. She testified that when she later looked in the refrigerator the bowl placed there by Au-coin was gone.
The trial judge had stated prior to the hearing that he would not grant the motion unless there was presented evidence to the effect that the informant was actually engaged or involved in the criminal activity. At the conclusion of the hearing he found the evidence presented insufficient, denied the motion and suggested that the defense subpoena Aucoin at trial. Defendant argues that he is entitled to the disclosure he seeks under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) which requires disclosure when it would be so relevant and helpful to the accused’s defense that it overrides the public interest in protecting the flow of information to law enforcement. He also interjects a substantial claim that the confirmation vel non of Aucoin as the confidential informant and communication of the state’s knowledge of whether the informant brought the seized phencyclidine to defendant’s home presents an issue under Brady v. Maryland, supra and its progeny. In United States v. Agurs, supra, the United States Supreme Court addressed the issue of pre-trial discovery and noted: “Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge.”
By presenting the testimony of the defendant’s wife at the hearing on the motion seeking disclosure the defense has asserted at least a substantial basis for the claimed materiality of the information sought. The state asserts in brief that the name of the informant cannot be labeled evidence favorable to defendant Armoneit. However, if it is disclosed that the informant is Aucoin it is not unreasonable to speculate that this fact, in combination with the repetition of Mrs. Armoneit’s testimony at trial, could influence the trier of fact in defendant’s favor. And, of course, if it is the case that the state has knowledge that the confidential informant (with or without police instigation) actually placed the phen-cyclidine in defendant’s home, there would exist, even independent of a defense motion, an affirmative duty to reveal this significant exculpatory evidence which could greatly benefit the defense. See United States v. Agurs, supra.
*161 The state further protests that it is not imperative that the informant’s name be disclosed in order for Armoneit to maintain the defense that the drug was planted by Aucoin, because the defense is able to subpoena Aucoin to testify. However, there is no assurance that Aucoin, if he is the informant, would testify truthfully at trial. While we are confident that the state would not allow perjured testimony to stand, Aucoin’s testimony at trial is not an adequate substitute for pre-trial disclosure or verification of his status as the informant in this ease, if such he is. The Rovia-ro decision recognizes that the informant’s privilege must be balanced against “the individual’s right to prepare his defense.” (emphasis added). 353 U.S. at 62, 77 S.Ct. at 629. Postponing the verification vel non of Aucoin as the informant until trial may fairly be seen as impairing the defendant’s ability to prepare a defense prior to the actual commencement of trial.
Neither does it appear that pre-trial interview of Aucoin would assure an adequate preparation by the defense in the absence of disclosure of whether he is the informant. Such an interview without the verification defense seeks could conceivably lead to Aucoin’s disclaimer (even if he is, indeed, the informant). In such a circumstance, the defense would be unable to determine Aucoin’s veracity and the state could not assure that the defense would not be deceived in this particular. Roviaro recognizes that in eases appropriate for disclosure [3] “. . . [t]he desirability of calling . [the informant] as a witness, or at least interviewing him in preparation for trial, . . [is] a matter for the accused rather than the Government to decide.” 353 U.S. at 64, 77 S.Ct. at 629. In this case, admittedly, the defendant knows who Wayne Aucoin is and therefore, presumably, can decide whether to subpoena him or interview him even without the state revealing the identity of its informant. Nonetheless, this aspect of Roviaro is of some help to the defendant because in order for defendant to decide whether to call or interview an informant in preparation for trial, he needs to know whether in fact Aucoin is or is not the informant.
In the instant case, there is not simply a bare allegation that there must have been a “frame-up” or “plant” (as there was in State v. Dotson, 260 La. 471, 256 So.2d 594 [1972].) Instead, Armoneit’s wife has testified under oath to circumstances which make readily evident the purpose for inquiring whether Wayne Aucoin is the confidential informant whose information led to issuance of a search warrant for Armoneit’s home. The “fundamental requirements of fairness”, the constitutional requirement of due process, which Roviaro and Brady seek to satisfy require responses to the defendant’s narrow queries: was Aucoin the informant; and to the state’s knowledge, did Aucoin bring the drugs into defendant’s home?

Decree

For the foregoing reasons, we reverse the ruling of the trial court denying the defendant’s motion to have the state verify whether the confidential informant mentioned in the affidavit is Wayne Aucoin and we order the trial judge to compel the state to answer defendant’s query concerning whether, to its knowledge, Aucoin brought the drugs into defendant’s home. The case is remanded for proceedings consistent with the views herein expressed.
REVERSED AND REMANDED.
SUMMERS, C. J., dissents.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and assigns reasons.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

. In State v. Babbitt, 363 So.2d 690 at 695 (La. 1978) the Court defined and discussed the informer privilege as follows:
“The informer privilege is the privilege of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. It is founded upon public policy and seeks to advance the public interest in effective law enforcement. Roviaro v. United States, supra. [353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)]. This court has consistently held that a confidential informant’s identity will be divulged only under exceptional circumstances. State v. Robinson, 342 So.2d 183 (La.1977); State v. Russell, 334 So.2d 398 (La. 1976); State v. Thorson, 302 So.2d 578 (La.1974).”

. Cases in which “. . the disclosure of an informer’s identity ... is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause. . .” are deemed cases appropriate for disclosure by Roviaro. 353 U.S. at 60-61, 77 S.Ct. at 628.