377 So.2d 1220 (1979)
STATE of Louisiana
v.
Delia SMITH.
No. 64755.
Supreme Court of Louisiana.
December 13, 1979.
John M. Lawrence, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Thomas Chester, Asst. Dist. Atty., for plaintiff-relator.
*1221 SUMMERS, Chief Justice.[*]
Delia Smith was charged by bill of information with possession of heroin, a crime denounced by Section 966 of Title 40 of the Revised Statutes. She pled not guilty at arraignment on March 30, 1979. Thereafter a motion to suppress was filed on her behalf in which she alleged that she and her sister Amanda were parked in Amanda's car when members of the New Orleans police came to the vehicle and proceeded to search it. In the process, she alleged, they seized certain drugs illegally, without probable cause or authority, and the seizure was not incidental to a lawful arrest.
After hearing evidence on the motion to suppress the trial judge granted the motion on May 11, 1979, and the State applied for review. Writs were granted.
According to the testimony of the officers involved in the search and seizure Officer Evans received information from a reliable confidential informer on March 18, 1979 that defendant Delia and Amanda Smith were selling heroin. The informer had worked with Evans since 1964 and had furnished information which led to arrests and convictions on "numerous occasions over the years." The confidential informer related that these women were selling heroin from a black 1976 Chrysler, license number 202 X 312. He told Officer Evans that he had purchased "dynamite" heroin from them two days before and that he had just spoken to them, and they offered to sell him more, but he had no money. Although he tried to get them to give him a little, they refused and drove off. According to the informant they would then be in the area of the intersection of Melpomene and Rampart or Erato and Rampart.
With this lead Officer Evans called Officers Mendoza and Ferguson and together they went in search of the black Chrysler. They located the vehicle occupied by the two women on Tahlia and Rampart, a high narcotic area midway between the probable locations the informant furnished.
At the time the Chrysler, with its motor running, was stopped in the intersection. A white boy with "long, shaggy" blond hair stood outside the car with his head partially in the window talking to the occupants. He was recognized by Evans to be an addict with whom he was acquainted. The white boy's presence in this predominantly black neighborhood was unusual.
The officers recognized the license plate as they approached the Chrysler, stopped their unmarked vehicle and walked toward the car. The young man at the car was patted down while Officer Mendoza asked Delia, who was in the driver's seat, for her driver's license and car registration papers. She stated she didn't have any. At that point the officers ordered them out of the car. Amanda stepped out on the passenger side, and Delia stepped out from the driver's seat. As they did so Officer Mendoza leaned into the open car and saw on the middle of the front seat a small brown purse which the women appeared to have left there deliberately. When he opened the purse he found that it contained two packages of heroin, four one-dollar bills and some small change. Delia was then arrested and charged with possession of heroin.
The trial judge assigned no reasons for granting the motion to suppress, and we cannot agree with his ruling.
It is axiomatic that warrantless searches based upon probable cause are exceptions to the constitutional requirement of search warrants. U.S.Const. 4th Amend.; La.Const. Art. I, § 5; Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Parker, 355 So.2d 900 (La.1978); State v. Lain, 347 So.2d 167 (La.1977).
Another rule applicable here relates to the "automobile emergency exception", a rule which permits a search of an automobile *1222 when there is probable cause to believe that it contains contraband and there are exigent circumstances requiring an immediate search without a warrant. This rule recognizes that mobility of the vehicle permits a warrantless search where search of a fixed enclosure would be impermissible. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); State v. Guzman, 362 So.2d 744 (La.1978); State v. Williams, 347 So.2d 231 (La.1977).
The principal issue here is whether probable cause existed for the seizure of the purse containing the narcotics. Probable cause for a warrantless search is to be determined on the same standards applicable to the probable cause the law requires for an arrest without warrant. It exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. It is to be judged by the probabilities and practical considerations of everyday life on which average men, particularly average police officers, can be expected to act. State v. Drew, 360 So.2d 500 (La.1978) and the cases cited there.
The facts recited in this opinion, judged in the light of the legal principles we have stated, amply support a finding of probable cause. Consequently the search and seizure was authorized without a warrant, because, with the information available to the police, they feared failure to arrest defendant and her accomplice and to seize the purse they believed to contain heroin would provide these women with an opportunity to swallow the dope and destroy the evidence.
They therefore acted with dispatch as required by the circumstances.
For the reasons assigned, the ruling granting the motion to suppress is reversed and set aside, and the case is remanded to the trial court to be proceeded with in accordance with law and in a manner not inconsistent with this opinion.
NOTES
[*] Chief Judge PAUL B. LANDRY, Jr., (Retired) participated in this decision as Associate Justice ad hoc.