CALOGERO, Justice.*
Defendant Victor Matthews was convicted of possession of heroin with intent to distribute, a violation of R.S. 40:966(A)(1). He was sentenced to life imprisonment. On this appeal of his conviction and sentence, defendant relies on sixteen assignments of error grouped and presented in nine arguments. We have reviewed the assignments included in Arguments III, IV, V, VI, VII, VIII and IX and conclude that they lack merit.[1] We find it necessary to discuss only the two remaining arguments.
ARGUMENT I
ASSIGNMENTS OF ERROR 1 AND 11
On November 25, 1976, Louisiana state troopers obtained a search warrant and went to the residence of Victor Matthews located at 159 South Lane in Houma, Louisiana. At approximately 5:00 a. m., the officers entered the residence and conducted a search. One-hundred-eighty-three foil packages of heroin were found in a dresser in defendant’s bedroom. Thereafter, defendant was arrested and charged with pos- • session of heroin with intent to distribute.
By assignments of error numbers one and eleven, defendant argues that the supporting affidavit did not contain sufficient facts to establish probable cause to issue the warrant.
The affidavit upon which the warrant was issued reads as follows:
“Affiant has been informed by a confidential informant, who is a known user of heroin and frequently (sic) visitor of Victor Matthews at 159 Smith Lane in the City of Houma, Parish of Terrebonne, that Victor Matthews has been making numerous trips to New Orleans over the past six months for the purpose of buying heroin. The heroin purchased in New Orleans was sold by Victor Matthews in the Houma area. The confidential informant further states to affiant that said informant has accompanied Victor Matthews on many of these heroin-bying (sic) trips and has purchased and been given some of the heroin for personal use.
“Said confidential informant related to affiant that she injected one ‘paper’ of heroin on Friday night, November 19, 1976 at the residence of Victor Matthews. The heroin had been given to her by Matthews while at his residence.
“Said confidential informant further related that she accompanied Victor Matthews and two other persons to New Orleans on Saturday November 20,1976, for the purpose of purchasing heroin. A large quantity of heroin was purchased by Matthews on the trip. All parties returned to 159 Smith Lane in Houma on Saturday night where Matthews placed the heroin in the freezer compartment of his refrigerator.
“Affiant was informed this afternoon, November 24, 1976, by said confidential informant that Victor Matthews was to make a trip to New Orleans in the evening hours. His ultimate destination was to be Mid City Liquor Store on Willow St. in New Orleans. Said confidential informant called later in the evening, informing affiant that Matthews had left for New Orleans in his red Volkswagon about 6:45 p. m.
“Armed with this information affiant x called Federal Drug Enforcement Administration in New Orleans and requested they have agents keep Mid City Liquor store under surveillance. At 8:00 p. m. the D.E.A. office called affiant and confirmed Matthews was at the liquor store. At 8:45 p. m. the D.E.A. office called and informed affiant that the suspect had left the store.
“Affiant further states that informant called affiant at approximately 4:15 a. m. on November 25, 1976 and stated to affi-ant that subject Matthews was in possession of (3) three “Bundles" of heroin and *919 that the informant knows this by seeing the quantity of heroin in subject Matthews pocket in his residence at approximately 3:30 a. m. and 4:00 a. m. on November 25, 1976.”
In the instant case, defendant argues that the affidavit failed to establish the credibility of the unidentified informant and of the information. Since the affidavit was based primarily on the hearsay information of the informant, defendant argues, the reliability of both the informant and the information must be proven.
In State v. Paciera, 290 So.2d 681 (La. 1974) this Court set forth the following guidelines governing the issuance of a search warrant:
“ . . . The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the creditability of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information.”
Defendant argues that the reliability of the information was not proven as is required under Paciera, supra. The affidavit states that “informant called affiant at approximately 4:15 a. m. on November 25, 1976 and stated to affiant that subject Matthews was in possession of three ‘bundles’ of heroin and that the informant knows this by seeing the quantity of heroin in subject Matthews’ pocket in his residence at about 3:30 a. m. and 4:00 a. m.”
Under Paciera, reliability of the information can be proven by direct personal observation by the informant. Defendant argues that the affidavit is insufficient because it does not state how the informer knew that the objects inside defendant’s pocket were “bundles” of heroin. Although the affiant testified, at the hearing on the motion to suppress, that the informant saw the heroin out of the defendant’s pocket, this information was known to the affiant but not disclosed to the issuing magistrate and thus can not be used to rehabilitate an otherwise insufficient affidavit. State v. Koncir, 367 So.2d 365 (La.1979). While the affiant’s failure to state the facts and circumstances underlying the informant’s personal observation of the heroin may have made this affidavit less reliable than if the facts and circumstances had been included, the statement that the informant personally observed heroin in the defendant’s pocket was sufficient to establish the reliability of the information since this Court has held that affidavits must be given a common sense and realistic interpretation. State v. Babbitt, 363 So.2d 690 (La.1978).
The defendant further argues that the affidavit failed to establish the credibility of the unidentified informant. Defendant contends that the affidavit does not disclose any prior accurate reports by the informant nor does it contain any specific independent corroboration of the accuracy of the report. While this may be true, it is not necessarily dispositive of the question of whether the informant’s credibility was established by the affidavit. This Court has held that regardless of the absence of independent corroboration and of a past reliable informant record, the credibility of the informant can be established by the inclusion in the affidavit of declarations against the informant’s penal interest. State v. Mena, 344 So.2d 357 (La.1976) and State v. Welsh, 371 So.2d 1314 (La.1979). In United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723 (1971) the United States Supreme Court stated that declarations against penal interest provide strong reasons for crediting an informant’s tip:
“ . . . people do not lightly admit a crime and place critical evidence in the *920 hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search.”
Thus the informant’s admission in the affidavit that she injected one paper of héroin at the defendant’s residence on November 19th; that she had accompanied defendant to New Orleans on November 20, 1976 for the purpose of purchasing heroin; and that she had accompanied defendant in the past and had purchased heroin (admissions against penal interest sufficient to make her a principal in defendant’s heroin distribution scheme) were sufficient to establish her reliability.
Because we find that the affidavit sufficiently established the credibility of the informant and the reliability of the information, we conclude that there was probable cause to issue the warrant.
ARGUMENT II
ASSIGNMENT OF ERROR 2
By this assignment of error defendant contends that the trial court erred in denying defendant’s request for the name of the informant.
At the hearing on the motion to suppress, the defense called the affiant and asked him to disclose the identity of - the informant who gave him the information concerning the defendant. The state objected that the defendant was not entitled to that information. The trial court sustained the state’s objection noting that the instant case was distinguishable from State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), wherein this Court held that the defendant was entitled to know the identity of the informant because of the allegations that the evidence was planted on him. Defendant reserved an exception to the court’s ruling.
In State v. Babbitt, 363 So.2d 690, 695 (La.1978), this Court defined the informant’s privilege as follows:
“The informer privilege is the privilege of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. It is founded upon public policy and seeks to advance the public interest in effective law enforcement. Roviaro v. United States, [353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639] supra. This court has consistently held that a confidential informant’s identity will be divulged only under exceptional circumstances. State v. Robinson, 342 So.2d 183 (La.1977); State v. Russell, 334 So.2d 398 (La.1976); State v. Thorson, 302 So.2d 578 (La.1974). The general rule is that the burden is upon the defendant to demonstrate exceptional circumstances and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. State v. Robinson, supra; State v. Russell, supra; State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972); State v. Greenbaum, 257 La. 917, 244 So.2d 832(1971).”
Defendant argues that under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and the constitutionally protected rights to confrontation and cross-examination he is entitled to know the identity of the informant. However, the Rovia-ro case is distinguishable from the present case in that it involved the informer’s privilege at the trial itself rather than at a pre-trial hearing to determine probable cause for a search. The case at bar involves a probable cause determination at the hearing of the motion to suppress. According to the state’s evidence in Roviaro, supra, the informant had been an active participant in the crime. Under such circumstances, that court held that the informer’s privilege must give way if the disclosure of the informant’s identity was relevant and helpful to the defense of the accused and was essential to a fair determination of the cause. Roviaro, supra at 628. Unlike Roviaro, supra, no evidence was presented in the instant case that the informant set up and *921 participated in the crime as an aid to law enforcement officers.[2]
Counsel’s argument that the state’s failure to disclose the informant’s identity violated defendant’s right to confrontation and cross-examination was rejected by the United States Supreme Court in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Similarly, in State v. Diliberto, 362 So.2d 566 (La.1978), this Court, citing McCray, supra, held that “when the issue is not guilt or innocence, but instead the probable cause for an arrest or a search, police officers need not invariably be required to disclose an informant’s identity, if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon credible information supplied by a confidential informant.”
In the case at bar, the affiant was called to the stand at the hearing on the motion to suppress and was examined by counsel. Furthermore, defendant did not meet the burden of proving exceptional circumstances which would warrant the pretrial disclosure of the informant’s identity.
Therefore we conclude that the trial court did not err in denying defendant’s request for the name of the informant.

Decree

For the foregoing reasons, the conviction and sentence of defendant, Victor Matthews, are affirmed.
AFFIRMED.

The Honorable Edward A. de la Houssaye III participated in this decision as an Associate Justice pro tempore.

. These arguments and the corresponding assignments of error are discussed in an appendix not published with this opinion.

. Counsel argued at the close of hearing on the motion to suppress that the heroin could possibly have been planted by the informant, but the court sustained the state’s objection noting that counsel had not alleged this theory either and therefore, argument after the fact would not be permitted.