432 So.2d 362 (1983)
STATE of Louisiana
v.
Avery C. WEBB.
No. 82 KA 1081.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*363 Bernard E. Boudreaux, Jr., Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., Franklin, for appellee.
Robert P. Fuhrer, Chief Indigent Defender, Franklin, for appellant.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
The issue in this case is whether or not the arresting officer, acting on information provided by the victim of the crime, had probable cause to arrest the defendant, Avery Webb.
On August 7, 1981, a convenience store in Franklin, Louisiana was burglarized and property was taken.[1] Several days later, the owner of the store, Ralph Williams, was informed by four[2] individuals that Avery Webb and three others had been involved in the crime. Mr. Williams relayed this information to Officer Donald Broussard of the Franklin Police Department. He did not tell Officer Broussard the names of his informants. Agent McCoy, also of the Franklin Police Department, was acquainted with Webb and contacted him concerning his alleged involvement in the crime. The next day, August 11, 1981, Webb and his mother went voluntarily to the police station. Officer Broussard told Webb of the incriminating information concerning the burglary, gave him the Miranda warning, received an oral inculpatory statement, and placed him under arrest. Several hours later, while still in police custody, Webb made a taped statement, confessing his involvement in the burglary as a "lookout" man.[3]
A bill of information formally charged defendant with the offense of simple burglary. A preliminary hearing was held and the court found there was probable cause to charge the accused. Defendant was arraigned and initially pled not guilty to the charge. He filed a motion to suppress his confession, alleging it was the result of an illegal arrest. He also filed a motion for discovery, requesting the names of all witnesses to the alleged offense and the names of all informants. Hearings were held on these matters and both motions were denied.
Defendant then entered his guilty plea, reserved his right to appeal the pretrial motions, and received a suspended sentence of three years at hard labor. He was placed on supervised probation for the duration of the period. Defendant now appeals the rulings on the motions.
Appellant assigns only one error: The trial court erred in failing to instruct Mr. Williams (the store owner) to divulge the names of his informants. He contends that without knowing the identity and credibility of Mr. Williams' informants, the arresting officer did not have probable cause for the arrest. Since an arrest without probable *364 cause is an illegal arrest, he contends the subsequent confession must be suppressed.
A peace officer may arrest a person without a warrant when the peace officer has "reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer;...." La.Code Crim.P. art. 213(3). The meaning of the term "reasonable cause to believe" has been the subject of much discussion among the courts. A somewhat standard definition of probable (or reasonable)[4] cause has arisen and reads as follows:
"Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense." State v. Leatherwood, 411 So.2d 29 at p. 32 (La.1982).
It has been held that although the measure of probable cause does not require the arresting officer to have sufficient proof to convict the accused, the arrest may not be predicated upon mere suspicion. State v. Scott, 355 So.2d 231 (La.1977), rehearing denied 1978. Probable cause is to be judged by the probabilities and practical considerations of everyday life on which average men, particularly average police officers, can be expected to act. State v. Smith, 377 So.2d 1220 (La.1979).
For reasons developed below, we conclude in this case the arresting officer did not act upon mere suspicion. Instead he had reasonable and trustworthy information based on facts and circumstances within his knowledge so as to justify a man of average caution in the belief that Avery Webb had committed a crime. This is particularly true when we consider that the probable cause is to be judged by the probabilities and practical considerations of everyday life on which average police officers can be expected to act. In the present case the arresting officer had been given information from the victim of the crime, Mr. Williams. Officer Broussard testified he had known Mr. Williams for several years and knew him to be an honest, law abiding person and a well respected businessman. Unlike the situation where the informant is under suspicion because he too is involved in the criminal world, in this situation Officer Broussard had no reason to doubt the veracity of the information supplied by Mr. Williams.
Professor Joseph G. Cook comments in his book, Constitutional Rights of the Accused, Pretrial Rights, 1972, at p. 146, as follows:
"When dealing with hearsay information supplied by persons other than reputed `police informants,' judicial scepticism quickly diminishes. Thus, information supplied by a `respectable' citizen, or by a victim or witness to a crime is frequently accepted as reliable." (Emphasis added.)
See Haynes v. United States, 415 F.2d 347 (5th Cir.1969), cert. den., 296 U.S. 1024, 90 S.Ct. 600, 24 L.Ed.2d 518 (1970), and Chambers v. Mahoney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).
Appellant makes much of the fact the arresting officer did not know the identities of Mr. Williams' informants. We do not see this as a major obstacle to a legal arrest. What is significant is that the arresting officer was quite familiar with the reputation of his immediate "informer," Mr. Williams, and as will be discussed below, was satisfied that the secondhand information (conveyed by Mr. Williams) was sufficiently specific and had come from a proven, reliable, eyewitness to the crime. In determining the existence of probable cause of a warrantless arrest, it is not particularly significant that the officer received information that was not firsthand. What is important is the nature of the information, i.e., whether it was such that reasonable and prudent men, not legal technicians, act. State v. Linkletter, 345 So.2d 452 (La.1977), rehearing denied 1977, cert. denied, 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978).
*365 When officers are relying on hearsay information the hearsay must contain underlying circumstances and details sufficient to provide a substantial factual basis to conclude both that the informant is credible and that the information so furnished was obtained under circumstances or from sources factually indicating its veracity. State v. Wilson, 366 So.2d 1328 (La.1978).
In this case, as we have mentioned, the informant's (Mr. Williams) credibility was not questioned. Concerning the information furnished by Mr. Williams, he testified he had been acquainted with his informers for several years. He said at least two of the informers had been eyewitnesses to the crime and had observed firsthand the participation of the defendant. This is unlike a situation where the informant is relating to the victim what an alleged eyewitness told him. Also, two of the informers had given Williams information on a prior occasion when his store had been burglarized. At that time, based on what the informants had told him, he informed the police of the names of the suspects. The suspects were interrogated and later confessed to the offense. Williams stated the offenders in that case were minors and "there wasn't too much that could be done about it." He said he did not know whether or not his informants had criminal records.
Considering the proven reliability of some of his informants and the fact that some were eyewitnesses to the crimes, we feel the information furnished to Officer Broussard was obtained under circumstances "factually indicating its veracity."
In addition, one of the most important factors in determining probable cause is satisfied when the police know a crime has actually been committed. When the arrest is made and the police do not know a crime has been committed, more and better evidence is required to prove probable cause. State v. Crain, 409 So.2d 603 (La.1982); State v. Johnson, 363 So.2d 684 (La.1978), rehearing denied 1978.
In the case at hand, the arresting officer did know a crime had been committed at the time he had the arrest. Officer Broussard testified that when he reported to work on August 7, 1981, he got a call from Mr. Williams, reporting the burglary of the store. He and another officer investigated the scene and found the front glass of the building had been removed. They entered the store and discovered several items missing from the store. Fingerprints and photographs were taken.
In summation, and for purposes of clarity, we will examine the facts within the arresting officer's knowledge at the time he made the arrest.
The firsthand information he possessed included:
1. A burglary had been committed at Mr. Williams' store and certain items were taken.
2. The suspect, Avery Webb, voluntarily presented himself at the Franklin Police Department in response to a call from one of the officers.
3. His immediate informant, Mr. Williams, had been known to him for several years.
4. Mr. Williams had a reputation as a law abiding citizen and a respected businessman.
The secondhand information (supplied by Mr. Williams from his own sources) included the following:
1. Avery Webb had been seen by at least two individuals as a participant in the burglary of Mr. Williams' store.
2. The other individuals had supplied this same information although they were not eyewitnesses to the crime.
3. Of the four persons who supplied the information two of them had proven themselves reliable by providing accurate information to Mr. Williams concerning persons involved in a prior burglary of the same store.
Considering this information as a whole, we conclude it is sufficient to justify an average police officer in acting on the belief Avery Webb had committed a crime and *366 therefore the arrest was made with probable cause.[5]
For these reasons, we affirm the trial court's denial of the motion to suppress the confession.
Although appellant does not develop his argument in his brief, he contends that in addition to the probable cause question, he has been denied his right of confrontation by the trial court's refusal to require Mr. Williams to disclose the name of his informants.
As we have mentioned before, we characterize the situation here as one where the victim of the crime is the police's direct informer. The fact that the victim-informer received his information from other sources does not automatically mean the defendant is entitled to their names. But even if we were to focus on the undisclosed sources as being the police informants, we would not be compelled to find error in the trial court's refusal to instruct the victim to disclose the names.
The general rule is that the identity of confidential informants will be disclosed only when the defendant demonstrates exceptional circumstances. State v. Matthews, 382 So.2d 917 (La.1980). Further, both federal and state jurisprudence have made a distinction between cases where the informer has provided information pertinent to the final determination of defendant's guilt or innocence and cases where the informer has provided information related only to the probable cause for the arrest. In the latter case both courts have held the defendant's right of confrontation is not violated when a court refused to disclose the identity of the informant. See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), rehearing denied 1967; State v. Matthews, supra; State v. Babbitt, 363 So.2d 690 (La.1978), rehearing denied 1978.
As an aside, appellant contends that since Mr. Williams is not a police officer, he has no right to refuse to disclose the identity of his informers. Dean McCormick, in his treatise, McCormick on Evidence, commented on this issue as follows:
"Informers are shy and timorous folk, whether they are undercover agents of the police or merely citizens stepping forward with information about violations of law, and if their names were subject to be readily revealed, this enormously important aid to law enforcement would be almost cut off. On this ground of policy, a privilege is recognized in respect to disclosure of the identity of an informer, who has given information about supposed crimes to a prosecuting or investigating officer or to someone for the purpose of its being relayed to such an officer." (McCormick, p. 236 to 237.) (Emphasis added.)
Therefore we conclude it is immaterial that Mr. Williams is not a police officer. Further, we agree one providing information about a crime is entitled to the same protection whether they report that information directly to the police or choose instead to report it to the victim. Undoubtedly, there are many persons, like the informers in this case, who for one reason or another are reluctant to get involved with the police. However, these same persons, in an effort to help a fellow man who has been victimized by crime, might very well come forward to the victim with pertinent information. If the victim knows the informers to be reliable and takes the information to the police, the informers should enjoy the same immunity as though they reported directly to the police. If we strip them of the "informer's privilege" because they did not go directly to the police, we would deter a great many persons from providing information about crimes. And, if we invalidate an arrest based upon such information, we would be placing the handcuffs on the police instead of the criminal.
For these reasons, the trial court's denial of the motion for discovery is affirmed.
*367 Accordingly, the conviction and sentence of defendant for the crime of simple burglary is affirmed.
Appellant is to pay all costs.
AFFIRMED.
NOTES
[1] Property stolen included 45 cartons of cigarettes, a calculator, a television and an undetermined sum of money.
[2] There is conflicting testimony by Mr. Williams as to whether there were three or four informants.
[3] At the preliminary hearing Broussard testified defendant admitted his involvement in the crime before his arrest. On the motion to suppress he testified defendant gave a statement only after his arrest. The evidence on the sequence of events seems to conflict but it is clear there were two statements, one oral and one taped.
[4] The term "reasonable cause," as used in art. 213(3) has been held to be "consonant with probable cause concept." State v. Drew, 360 So.2d 500, (La.1978), rehearing denied 1978, appeal dismissed, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979).
[5] One might well consider the consternation of the victim (or of the lay public) if police officers do not effect an arrest under the circumstances of this case. Indeed, only a "legal technician" could attempt to justify a failure to so act.