454 So.2d 313 (1984)
STATE of Louisiana
v.
Alton LANDRY.
No. KA-1654.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1984.
*314 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BYRNES and CIACCIO, JJ., and L. JULIAN SAMUEL, J. Pro Tem.
L. JULIAN SAMUEL, Judge, Pro Tem.
The defendant, Alton Landry, was charged with illegal possession of pentazocine, a violation of La.R.S. 40:967(c). He filed a motion to suppress the evidence the pentazocinebut the trial court denied the motion, finding no violation of the Constitution. The defendant then entered a guilty plea and was sentenced to serve three years at hard labor.
In tendering his plea, Landry reserved his right under State v. Crosby, 338 So.2d 584 (La.1976) to appeal the trial court's ruling on the motion to suppress, which ruling is now the subject of this appeal.
These are the undisputed facts:
At approximately 8:15 p.m. on April 23, 1983, Officer Roland Matthews of the New Orleans Police Department received a telephone call from a confidential informant. This C.I., who had proved reliable in the past, stated that he had just bought some "sets" of "T's and blues" from a person called Cutno at 1826 St. Philip Street. That address is in an area well known by law enforcement authorities for its volume of illicit drug traffic. Upon receipt of this information, Matthews' partner, Officer Doucette, instructed Officers Glasser and Collins to establish immediate surveillance of Cutno's residence.
At approximately 9:00 p.m., Glasser and Collins watched as an unknown man approached the house and knocked on the door. Someone answered, but the officers were unable to see any details of what transpired. The visitor departed after a few minutes.
The defendant then arrived at the St. Philip Street address about twenty minutes later and knocked on the front door. Again, one of the occupantsperhaps Cutnoanswered. Landry removed something from his pocket and gave it to the occupant, who then went back into the house. He returned a few moments later and handed something to the defendant. Landry placed the object in his left front shirt pocket and walked away. Officer Collins then radioed a description of these events and of the defendant to Officers Matthews and Doucette, who were stationed nearby.
Matthews and Doucette spotted Landry and stopped him. They identified themselves as police officers, told Landry he had been seen leaving the St. Philip Street house and advised him that he was under investigation for the possession of narcotics. Landry spontaneously told Matthews and Doucette that he had drugs in the left front pocket of his shirt. The officers then removed two "sets" from the defendant's shirt pocket.
Landry claims the trial court should have suppressed the evidence because there was *315 no probable cause to arrest him and therefore his inculpatory statement and the subsequently recovered evidence were illegally obtained. We disagree and further find that under the circumstances, probable cause for an arrest did exist pursuant to La.C.Cr.P. Art. 213(3).
Probable cause for an arrest exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution to believe the person to be arrested has committed or is committing an offense. LSA-C.Cr.P. Art. 213, Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); State v. Elliot, 407 So.2d 659 (La.1981); State v. Herbert, 351 So.2d 434 (La.1977). It is to be judged by the probabilities and practical considerations of everyday life on which average men, particularly average police officers, can be expected to act. State v. Smith, 377 So.2d 1220 (La.1979).
In the present case, the encounter between the police and the defendant was initiated by a temporary "stop" which was legal and proper under LSA-C.Cr.P. Art. 215.1(A). This detention was justified by several factors which gave the officers grounds to reasonably suspect the defendant was committing a crime. First, the information provided through the personal knowledge of the reliable confidential informant gave the officers reasonable cause to believe that Cutno, an occupant of 1826 St. Philip Street, was engaged in illegal distribution of narcotics. Furthermore, the officers' own observations of the activity at that address gave the officers reasonable grounds to suspect that certain visitors to the house, including the defendant, were there for the purpose of obtaining drugs. Finally, the area of the observed activity was well known for its high incidence of drug traffic. State v. Buckley, 426 So.2d 103 (La.1983).
The reasonable suspicion which justified the defendant's temporary detention certainly ripened into probable cause to arrest under LSA-C.Cr.P. Art. 213(3) when, almost immediately after being informed of his Miranda rights, the defendant spontaneously admitted to the officers that he had drugs in his front pocket. There being probable cause to arrest, the officers had authority to search for and seize the evidence which the defendant now seeks to suppress.
In conclusion, we hold that the officers did not violate the Fourth Amendment at any time during their encounter with the defendant, and therefore, the trial court did not err in denying the defendant's motion to suppress the evidence. The judgment is affirmed.
AFFIRMED.