HERBERT A. CADE, Judge Pro Tern.
Paula Kennedy and Sylvia Wilson were arrested and charged with possession of heroin, in violation of R.S. 40:966, and with possession of cocaine, methadone and me-thaqualone, violations of R.S. 40:967. Each pled not guilty and moved to suppress the evidence. The motions were denied; Kennedy was convicted on the heroin charge and entered a Crosby plea to remaining charges; Wilson withdrew her initial plea and entered a Crosby plea to all charges. Appeals are taken from denial of the motions to suppress.
The drugs were discovered in defendants’ possession after police were told by a confidential informant that drugs were sold in front of a certain building on Perdido Street in New Orleans. The informant explained that persons wishing to purchase drugs would park in front of the building and “maneuver back and forth in the parking spot” as a signal to the seller, who would then approach the vehicle, take money, and retrieve drugs from the building. The officers knew the area for its high incidence of drug traffic. They set up surveillance and observed two transactions conducted in the manner described, the latter involving known traffickers in heroin. On each occasion the seller entered and left the building by the first of three rear doors. On this information the officers obtained a warrant to search “the first rear apartment (closest to Perdido Street) at 3127 Perdido Street behind Cason’s Bar.”
Executing the warrant police officers entered the door specified and discovered that it did not lead directly into an apartment, but to a stairway. At the top of the stairway the officers found a common hallway leading to several apartments, and saw a man exiting an apartment at the end of the hall. When the man saw the officers, he panicked and attempted to reenter his apartment. The officers approached and asked him to stop. As they reached him he opened the door to his apartment. Inside the apartment the officers saw Kennedy and Wilson sitting on the bed. Kennedy and Wilson stood up, revealing two loaded syringes. Kennedy dropped a tissue with blood stains on it from her hand. Fresh track marks were visible on her arm.
On this record we conclude the trial court correctly denied defendants’ motion to suppress. Although the warrant would not justify a search of defendants’ *875 apartment, e.g., State v. Manzella, 392 So.2d 403 (La.1980); State v. Case, 363 So.2d 486 (La.1978), the warrant was based on probable cause and was sufficiently specific to put the officers lawfully on the common stairway and in the common hallway. While in this area, reasonable suspicion arose to conduct an investigatory stop. See C.Cr.P. Art. 215.1; and see, e.g., State v. Landry, 454 So.2d 313 (La.App. 4th Cir.1984). The evidence discovered in good faith by the officers in the course of this valid investigatory stop falls within the plain view exception to the warrant requirement.
There are no errors patent on the face of the record.
The convictions and sentences are affirmed.
AFFIRMED.