KNOLL, Judge.
Relator, Ronald S. Jackson seeks supervisory review of the trial court’s denial of his motion to suppress physical evidence seized contemporaneously with his arrest for rape, which evidence was used to charge him with possession of marijuana, a violation of LSA-R.S. 40:966(D). The seized evidence was found in a rolled up paper bag in the bed of a pickup truck, and consisted of a one gallon ziplock bag half full of marijuana, eighteen smaller bags of marijuana, and a set of scales. The rape charge against Jackson is not before us, and its disposition is not shown in the record.
FACTS
On the morning of June 11, 1987, two members of the Grant Parish Sheriff’s Department, Detectives Preston Mosley and Brad Sudduth, were investigating a rape complaint. While the detectives were questioning the victim at her residence, Jackson drove by in a 1988 Ford pickup truck. At that time the victim and her family told the officers that Jackson was the one who raped the victim. The detectives entered their unmarked cars and followed Jackson. Approximately one-quarter of a mile from the victim’s house, Jackson pulled into his mother-in-law’s driveway. As Jackson exited his truck, the detectives stopped him, read him his Miranda rights and placed him under arrest for the alleged rape.
Detective Mosley, the only witness at the motion to suppress, testified that Jackson informed the detectives that the truck, which was registered to Kristy Logan, was parked at his mother-in-law’s house, one Mrs. Logan. The record does not conclusively indicate that the owner of the house and the pickup truck is the same person. Because the pickup truck was parked on private property, the detectives determined that it was unnecessary to transport the truck to police headquarters. Nevertheless, the detectives questioned Jackson to determine if there was anything of value in the bed of the pickup. The record indicates that no questions were asked about the contents of the truck cab, and the only items in the bed of the truck were a jack and a rolled up paper bag located on the passenger side. When specifically asked whether the paper bag should be further secured, Jackson stated that he did not know if it contained anything of value. Despite Jackson’s declaration, Detective Mosley pushed down on the bag to determine if it had anything in it. Detective Mosley testified that he felt “a large something, a large quantity, or one big item, and then I could feel sort of smaller items in the same bag.” The detective then opened the bag because, as he testified, he thought he knew what was in it. There, he found the marijuana and scales described above. Charges were then brought against Jackson for possession of marijuana.
In its written reasons for judgment, denying the motion to suppress, the trial court concluded that: (1) the placement by Detective Mosley of his hands on the closed paper bag did not constitute a search; (2) *948 Detective Mosley’s action was justifiable to protect any valuables which Jackson may have had in the truck; (3) once the bag was felt, there was probable cause to look inside; and, (4) there were exigent circumstances to justify the search because the paper bag could have been removed while the detectives attempted to secure a warrant.
SEARCH AND SEIZURE
Jackson contends that the search and seizure of the paper bag located against the front wall of the bed of the pickup truck on the passenger side was unconstitutional. Accordingly, he argues that the trial court erred when it did not exclude the evidence obtained.
LSA-Const. Art. 1, Section 5 provides that every person shall be secure in his person, property, communications, houses, papers and effects against unreasonable searches, seizures, and invasions of privacy. A search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. U.S. v. Jacobsen, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). A warrantless search and seizure is per se unreasonable, unless justified by a specific exception to the warrant requirement. State v. Church, 538 So.2d 993 (La.1989). Any person adversely affected by a search or seizure allegedly conducted in violation of LSA-Const. Art. 1, Section 5 has standing to raise that illegality. State v. Owen, 453 So.2d 1202 (La.1984).
The trial court first found that Detective Mosley’s pushing down on the bag was not a search. We disagree.
In the case sub judice, Detective Mosley testified that as soon as he applied pressure to the bag he knew what was in it. The scope of a warrantless search of a vehicle is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
In the present case, it is clear that contraband was not suspected when Jackson was arrested on the rape charge, and that the detectives’ actions were undertaken to satisfy their perceived need to secure any valuables which may have been located in the truck. Certainly, in light of the officer’s statement, his action constituted a search of the paper bag. To rule otherwise in a case where the officer’s actions were purposeful would provide a bootstrap argument to create probable cause to open the bag. Compare United States v. Portillo, 633 F.2d 1313 (9th Cir.1980), where the police officer inadvertently pressed down on a closed paper bag in the trunk of an automobile while examining a defective turn signal light.
The trial court next held that once Detective Mosley “determined” the contents of the paper bag upon pushing down on it, he then had probable cause to open the bag.
Probable cause for a warrantless search is determined by the same standards applicable to probable cause for arrest; it exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonable and trustworthy information, leads an average person to believe that an item contains contraband. State v. Smith, 377 So.2d 1220 (La.1979). Imagined facts based upon mere suspicion, like mere suspicion itself, cannot suffice as probable cause. State v. Jones, 358 So.2d 1257 (La.1978).
In its written reasons, the trial court stated that Detective Mosley felt “vegetable matter.” We have thoroughly reviewed the transcript and find no such particularization. Rather, Detective Mosley’s testimony is that he felt a “big something” and a bunch of “smaller items” and that he thought he knew what was inside. Since the contents of the closed paper bag could not be ascertained from the nature of the container, i.e., a suit case as shown in Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), modified in part in United States v. Ross, supra, we find that Detective’s Mosley’s suspicions of *949 what was inside the bag were insufficient to establish probable cause to open the bag.
The trial court also found that the officers’ actions were further justified because of the need to secure any valuables which were left in the pickup truck. A valid inventory search has been recognized as an exception to the warrant requirement. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).
In State v. Joyner, 445 So.2d 179, 182 (La.App. 3rd Cir.1984), writ denied, 447 So.2d 1068 (La.1984), we stated:
“In establishing its burden of proof that the actions of its officers constituted a valid inventory search, ‘the state must prove that the impoundment of the defendant’s vehicle was necessary and that the inventory of the vehicle’s contents was necessary and reasonable in its scope.’ ”
In the present case, it is clear that at the time of the search and seizure, the detectives had determined that it was not necessary to impound the vehicle. The testimony shows that the pickup truck was parked in a private driveway at Jackson’s mother-in-law’s. The record is void of any testimony that the vehicle could not have remained safely at the place it was stopped. Accordingly, we find that the threshold inquiry about the necessity for impoundment is lacking, and thus the inventory search exception is inapplicable. Moreover, even if we were to consider this as an inventory search, none of the factors established jur-isprudentially to determine if a genuine inventory search occurred are exhibited in the record before us. See State v. Sims, 426 So.2d 148 (La.1983). Therefore, the trial court was clearly wrong in its determination that the officers’ search was accomplished in a genuine attempt to secure the safety of valuables located in the pickup truck.
The trial court next justified the detectives’ warrantless search on the grounds that there were exigent circumstances which precluded their obtainment of a search warrant.
Among the exceptions to the warrant requirements is the “automobile exception.” Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). A search warrant is unnecessary where there is probable cause to search an automobile stopped on the highway; the car is movable, the occupants are alerted, and the car’s contents may never be found again if a warrant must be obtained. Chambers v. Maroney, 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970).
In the case sub judice, the pickup truck which Jackson was driving at the time of his arrest for the rape charges was parked off the street at a private residence. It is equally clear that prior to the search of the rolled up paper bag, the detectives had determined that it was not necessary to transport the pickup truck to a safer location. In light of the record before us, it is evident that the facts of this case do not fit the automobile exception. The evidence simply does not reflect that exigent circumstances existed which would have supported a warrantless search. Therefore, we find that the trial court erred in determining that there were exigent circumstances to justify a warrantless search.
We next consider whether the search may have been permissible since it was accomplished in connection with Jackson’s arrest for rape.
A search incident to a lawful arrest is an exception to the warrant requirement. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Such a search is limited to the person and the area within the arrestee’s immediate control. State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ denied, 531 So.2d 764 (La.1988); State v. Bradford, 298 So.2d 781 (La.1974), cert. dismissed, 420 U.S. 915, 95 S.Ct. 1109, 43 L.Ed.2d 387 (1975).
The record establishes that Jackson, the driver of the pickup, had just exited the pickup truck when he was placed under arrest for rape. Assuming for sake of argument, that the search of the bed of the pickup truck, as opposed to the interior *950 of the cab, falls within the jurisprudentially recognized exception, the question presented is whether the record establishes that the paper bag was within Jackson’s immediate control. We think not. Detective Mosley testified that the paper bag was located against the front wall of the bed of the truck on the passenger side of the vehicle. There was no testimony to show that at that location the paper bag was within Jackson’s immediate control. Accordingly, we cannot justify the detectives’ warrantless search on this ground either.
After thoroughly analyzing the facts of this case in light of the jurisprudence, we find that the trial court clearly erred in failing to suppress the contents of the paper bag. Therefore, we find that the fruits of the detectives’ search may not be used by the State as the basis for criminal proceedings.
For the foregoing reasons, the relator’s motion to suppress is sustained, and this matter is remanded to the trial court for proceedings consistent herewith.
WRIT GRANTED AND MADE PEREMPTORY; CASE REMANDED.